UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILLIAM L. HERINGTON,                          CASE NUMBER:

        Plaintiff,

vs.

SAPURSTEIN & BLOCH, P.A.,

        Defendant.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM L. HERINGTON ("HERINGTON") by and through the undersigned counsel, hereby sues the Defendant, SAPURSTEIN & BLOCH, P.A., and states as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. §1367.

2. Venue lies in this District pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to the claim herein occurred within the Southern District of Florida.

### PARTIES

3. The Plaintiff, William L. Herington, resides in Palm Beach County, Florida.

4. Sapurstein & Bloch, P.A., is a law firm practicing in the State of Florida and with an address of 9700 South Dixie Highway, Suite 1000, Miami, Florida 33156.

### BANKRUPTCY BACKGROUND

5. On April 28, 2011 (the "Petition Date"), the Plaintiff filed a voluntary petition seeking relief under Chapter 7 in the U.S. Bankruptcy Court, Southern District of Florida, West Palm Beach Division and the case was assigned case number 11-21417-EPK.

6. As of the Petition Date, the Debtor was the owner of a 2007 Mercedes Benz CLS550C, VIN # WDDDJ72X47A100646, which was encumbered by a lien in favor of JPMorgan. A subsidiary of JPMorgan, Chase Manhattan, was listed as a secured creditor on the Debtor's Schedule D and was provided with a notice of the commencement of the Chapter 7 case.

7. While the bankruptcy case was pending, the Debtor continued to make payments to JPMorgan. Each time the Debtor called JPMorgan to make a payment, he was transferred to the bankruptcy department for JPMorgan, and his payment was accepted over the telephone.

8. The Debtor's discharge was entered on August 12, 2011, and was furnished to all creditors and parties in interest, including Chase Manhattan.

9. The Debtor did not sign a reaffirmation agreement prior to the discharge being entered.

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

10. Plaintiff realleges and reavers each and every allegation contained in paragraphs 1 through 9 above as if more fully set forth herein.

11. The Defendant is a "Debt Collector" as dictated by 15 U.S.C. §1692(a)(6).

12. On January 17, 2013, the Defendant filed a two count complaint for replevin and suit on retail installment sale contract against the Debtor in the Circuit Court of Palm Beach County, Florida. A copy of the complaint is attached hereto as Exhibit "A."

13. In Count II of the complaint for suit on retail installment sale contract, the Defendant is seeking damages against the Debtor in the sum of $20,830.30, plus interest, court costs and attorney's fees.

14. The Defendant violated 15 U.S.C. §1692(f)(1) as the debt collector used unfair and unconscionable means to collect a debt that was discharged in bankruptcy.

15. The Defendant has liability to Plaintiff pursuant to 15 U.S.C. §1692(k) in the amount of $1,000.00 per violation, plus other damages allowed by the foregoing statute.

16. The Plaintiff is obligated to pay the undersigned attorneys' fees and requests attorneys' fees for the Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of not less than $1,000.00 per violation of 15 U.S.C. §1692 et seq., attorney's fees, actual damage to Plaintiff, costs, and all other damages available by law.

DATED this 27th day of February, 2013.

        **MICHAEL A. KAUFMAN, P.A.**
        *Attorney for Plaintiff*

By: */s/Michael A. Kaufman*
    Michael A. Kaufman, Esq.
    Florida Bar No. 628042
    Timothy T. Patykula, Esq.
    Florida Bar No. 0056739
    1655 Palm Beach Lakes Boulevard, Suite 1012
    West Palm Beach, Florida 33401
    Email: michael@mkaufmanpa.com
    Telephone: (561) 478-2878
    Facsimile: (561) 584-5555